IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JERRELL LEE MODICA,** § | |
| § | |
| **Movant,** § | |
| § | |
| V. § | NO. 3:24-CV-1073-E |
| § | (NO. 3:20-CR-125-E-1) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Respondent.** § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Jerrell Lee Modica under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On July 8, 2021, Movant was named in a four-count superseding indictment charging him in counts one and three with interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and in counts two and four with using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. CR ECF No.[2] 36. Movant initially entered a plea of not guilty. ECF No. 44. Movant later entered into a plea agreement pursuant to which he entered a plea of guilty as to counts one, three, and four, and the government agreed not to bring

---

[1] The Court considers the correspondence received October 29, 2024, and docketed as "additional attachments" to be the reply to the government's response.

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-125-E-1.

any additional charges based on the conduct underlying and related to the guilty plea and to dismiss any remaining charges. CR ECF No. 73. The plea agreement set forth the maximum penalties Movant faced, the Court's sentencing discretion and role of the guidelines, that the plea was freely and voluntarily made and was not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise contest his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his attorney's legal representation. *Id.* Movant also signed a factual resume that set forth the elements of the offenses to which he was pleading guilty and the stipulated facts establishing that he had committed those offenses. CR ECF No. 72.

On May 3, 2022, Movant appeared in open court for rearraignment on the superseding indictment and testified under oath that: he had fully discussed his case and proposed plea with counsel and was fully satisfied with the representation and advice he received; he understood the charges against him; he understood the essential elements of each count to which he was pleading guilty and committed each of them; no one had tried in any way to make him plead guilty; he signed the plea agreement; he had carefully reviewed the plea agreement and discussed it with counsel before signing it; everything he had agreed to was set forth in the plea agreement; he understood that he was waiving his right to appeal and otherwise contest his conviction and sentence; he freely and voluntarily entered into the plea agreement; he understood the penalties he faced; he signed the factual resume; he had carefully reviewed, understood, and discussed the factual resume with counsel before signing it; and, all of the facts stated in the factual resume were true and correct. CR ECF No. 154.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's combined adjusted offense level was 30. CR ECF No. 110, ¶ 54. He received a two-

level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 56, 57. Based on a total offense level of 27 and a criminal history category of I, Movant's guideline imprisonment range was 70 to 87 months as to counts one and three and a mandatory minimum term of 84 months to run consecutively to any other sentence as to count four. *Id.* ¶ 90.

At sentencing, the Court specifically asked Movant if he had any questions about the PSR and he answered that he did not. CR ECF No. 153 at 5. The Court then admonished him to speak up if he had any questions about anything. *Id.* Movant did not raise any concern, instead simply saying that he was sorry for what he did. *Id.* at 13. The Court sentenced Movant to terms of imprisonment of 70 months as to counts one and three, to run concurrently, and 84 moths as to count four, to run consecutively to the sentences imposed on counts one and three. CR ECF No. 135. Movant appealed, CR ECF No. 139, despite having waived the right to do so. CR ECF No. 73, ¶ 11. Movant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit concurred that the appeal presented no nonfrivolous issue for review. *United States v. Modica*, No. 22-11147, 2023 WL 4447025 (5th Cir. July 11, 2023).

## II.   GROUNDS OF THE MOTION

Movant sets forth two grounds in support of his motion. He alleges that he received ineffective assistance because counsel (1) allowed him to plead guilty when there was no evidence sufficient to prove his awareness of the firearm in the Hobbs Act robbery, and (2) attached the signature page he signed to a different plea agreement. ECF No.[3] 5.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice

4

suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

In support of his first ground, Movant alleges that counsel provided ineffective assistance in allowing Movant to plead guilty where the government had no "beyond-a-reasonable-doubt-standard-evidence sufficient to prove that his client was predreately [sic] aware of the presence of the firearm." ECF No. 5 at 18.[4] The government interprets the ground to be that Movant's § 924(c) conviction could not be predicated on an aiding and abetting theory of Hobbs Act robbery. ECF No. 11 at 1–2 (citing ECF No. 5 at 11–12, 17). Of course, aiding and abetting Hobbs Act robbery is a valid § 924(c) predicate. *United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023); *United States v. Madrid-Paz*, No. 22-20397, 2023 WL 7013354, at *2 (5th Cir. Oct. 24, 2023). Moreover, Movant admitted in the case of each robbery that he knew that the plan was to brandish firearms

---

[4] The page number references to the motion are to "Page __ of 20" reflected at the top right portion of the document on the Court's electronic filing system.

in order to facilitate the robbery. CR ECF No. 72. Movant testified under oath that he had read, understood, and discussed the factual resume with counsel before he signed it and that all of the facts set forth were true and correct. CR ECF No. 154 at 17–18.

In support of his second ground, Movant alleges that counsel substituted his signature page from a different plea agreement to the one that was accepted by the Court. ECF No. 5 at 12, 18–19. The Court thoroughly questioned Movant about the plea agreement at rearraignment and Movant asked the Court to accept and approve it. CR ECF No. 154 at 12–15. Movant fails to explain how the plea agreement he allegedly signed differed from the one that was discussed in open court and that he asked the Court to accept. His conclusory allegation is insufficient to satisfy the *Strickland* standard. *Miller*, 200 F.3d at 282. Apparently recognizing that his motion is wholly unsupported, Movant requests that the Court obtain or order that transcripts be made of telephone conversations between him and his counsel that occurred while Movant was incarcerated in the Limestone County Detention Center. ECF Nos. 12, 13. He is not entitled to go on a fishing expedition to support his claim. *See Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

Finally, to the extent that Movant appears to allege in his reply that his plea was unknowing and involuntary, ECF No. 13, that allegation comes too late. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (movant has no right to amend without leave of court after the government files its response to a § 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). He could not prevail on this ground in any event. Any allegation that the plea was not knowing, voluntary, and intelligent is belied by the record. Movant's plea agreement and factual resume are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.

1994). His solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *Cervantes*, 132 F.3d at 1110. Moreover, he has made no attempt to show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## V.    CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**. Movant's motion for discovery is also **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day** of **October, 2025**.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE